# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MATTRESS WAREHOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:15-cv-91 |
| | ) |
| JOHN DOE, AMERICAN MATTRESS, | ) |
| and GOOGLE, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This case was removed to this Court from the Allen County Superior Court by Defendant Google, Inc., based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Notice of Removal alleges, among other things, that Defendant American Mattress is a trade name for American Mattress of Fort Wayne, LLC, which is a "limited-liability corporation incorporated under the laws of the State of Illinois" and "has one member, who resides in the State of Illinois." (Not. of Removal ¶ 7(b).)

But the Notice of Removal is inadequate because it fails to properly allege the citizenship of American Mattress. The state in which a limited liability company ("LLC") is organized is immaterial for purposes of determining diversity jurisdiction; an LLC's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the identity of each member of American Mattress of Fort Wayne, LLC, and such member's citizenship. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G.*

1

*Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes).

Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or an LLC, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). And residency of an individual is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co.*, 101 F.3d at 58-59 (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Accordingly, Defendant Google, Inc., is ORDERED to supplement the record by filing an amended notice of removal on or before May 4, 2015, that properly alleges the citizenship of Defendant American Mattress.

SO ORDERED.

Enter for this 20th day of April 2015.

/s Susan Collins
Susan Collins,
United States Magistrate Judge