UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MATTRESS WAREHOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:15-CV-91 |
| | ) |
| JOE BARR, AMERICAN MATTRESS, | ) |
| and GOOGLE, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Mattress Warehouse originally brought this action in Indiana state court against American Mattress, Google, Inc., and an unidentified person, sued at that point as "John Doe." (DE 6.) The gist of Mattress Warehouse's allegations is that the company was defamed when an employee of a competitor made disparaging comments online, using the phony name "Celeste Swift." (*Id.* at 2–3.) Google removed the case to federal court on the basis that the known parties were completely diverse and that the amount in controversy exceeded $75,000. (DE 1.) Mattress Warehouse subsequently conducted discovery and learned the identity of the John Doe defendant. Mattress Warehouse then amended the complaint to name Joe Barr, a resident of Indiana, in place of "John Doe."(DE 31.) The problem, of course, is that both Mattress Warehouse and Barr are citizens of Indiana, and so Barr's inclusion in the case appears to have destroyed subject matter jurisdiction. Thus, Mattress Warehouse has moved to remand the case to state court. (DE 45.) None of the defendants has responded to the motion.

Federal district courts have original subject matter jurisdiction over civil cases between citizens of different states, so long as the amount in controversy exceeds $75,000. 28 U.S.C. §1332. Defendants may remove state court actions to federal court if the action could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When a party seeks joinder of a nondiverse party after a case has been removed, 28 U.S.C. § 1447 (e) requires that the court either deny the joinder or permit the joinder but remand the action to state court. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Id.* (emphasis in original).

The Seventh Circuit has found the following factors relevant to determining whether post-removal joinder of a nondiverse party is appropriate: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* at 758 (citations omitted). Although Magistrate Judge Susan Collins already has permitted joinder of Barr by granting Mattress Warehouse leave to amend the complaint, it is unclear whether she knew that Barr was nondiverse and, if she did, whether she assessed the appropriateness of joinder. (*See generally* DE 21.) It is also unclear if any party objected to the joinder. Regardless, nothing precludes me from reconsidering whether joining Barr was appropriate. *Schur*, 577 F.3d at 760–62 ("If a

2

district judge may reconsider his *own* order permitting joinder because he did not recognize the jurisdictional implications of his action, then he may certainly reconsider a similar order by a magistrate judge.") (emphasis in original).

Considering the factors identified by the Seventh Circuit for assessing joinder of a nondiverse party, I believe Barr was properly joined. Mattress Warehouse declared its intention to sue Barr when it named "John Doe" a defendant in the original complaint filed in state court. (DE 6 at ¶ 2 (stating that the true identity of the unnamed defendant would be ascertained through discovery)().) As a result, there is no reason to suspect that Mattress Warehouse's purpose in joining Barr was to destroy federal jurisdiction. To the contrary, if the allegations of the second amended complaint are to be believed, Barr is important because his actions precipitated the case. There is also no question that Mattress Warehouse acted expeditiously in joining Barr. It moved to amend the complaint on May 21, 2015, a little over a month after the case was removed, and filed the second amended complaint in early September 2015. (DE 21; DE 31.) That timeframe is reasonable given that Mattress Warehouse needed discovery to learn that the username "Celeste Swift" belonged to Barr. As a result, Barr's joinder was appropriate, and complete diversity has been destroyed. I no longer have jurisdiction over this matter, and, pursuant to 28 U.S.C. § 1447 (e), the case must be remanded to state court.

Accordingly, this case is **REMANDED** to the Allen Superior Court.

**SO ORDERED.**

**ENTERED:** December 16, 2015.

s/ Philip P. Simon  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT

4